UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KENNETH W. STONE, | ) | |
|---|---|---|
| | ) | No. 1:13-CV-121 |
| *Plaintiff,* | ) | *Judge Mattice* |
| v. | ) | |
| | ) | |
| SEQUATCHIE COUNTY SHERIFF | ) | |
| RONNIE HITCHCOCK, JAIL | ) | |
| ADMINISTRATOR CLINT WALKER, | ) | |
| CHAPLIN LEONARD SUTERLAND; | ) | |
| | ) | |
| *Defendants.* | ) | |

## **MEMORANDUM**

Plaintiff Kenneth W. Stone ("Plaintiff"), a *pro se* prisoner at Sequatchie County Justice Center, in Dunlap, Tennessee, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). On May 23, 2014, after reviewing Plaintiff's complaint, the Court issued a memorandum and order notifying Plaintiff his complaint failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983, and directing Plaintiff to file an amended complaint to cure all of the noted deficiencies and return the amended complaint to the Clerk's office within twenty days from the date of the Order (Doc. 3). On that same date the Clerk mailed the documents to Plaintiff. The mailing was returned to the Court on June 2, 2014, with a hand written note: "RTS" and a stamp that it was refused (Doc. 6). Therefore, it appears Plaintiff changed his address without notifying the Court.

Local Rule 83.13 Parties not represented by counsel (*pro se*) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in

his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties within 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a *pro se* plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.

Plaintiff has not notified the Court of a current address in violation of LR 83.13. Consequently, the Court is unable to mail a copy of the memorandum and order to Plaintiff. Federal Rule of Civil Procedure 41(b) permits the *sua sponte* involuntary dismissal of a suit when a plaintiff fails to prosecute his case or comply with the Court's orders. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Plaintiff has failed to comply with his responsibility to keep the Court apprised of his current mailing address at all times and prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address. In addition, for the reasons explained in the Court's previous order, Plaintiff's complaint fails to state a claim for relief under § 1983 (Doc. 3, at 4-5). Therefore, given the complaint's failure to state a claim and the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, dismissal is required.

Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** *sua sponte* for Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C.

2

§ 1983, as well as for his failure to prosecute, to provide a forwarding address, and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The Clerk will be **DIRECTED** to close the case

A judgment will enter.

                              */s/ Harry S. Mattice, Jr.*
                              HARRY S. MATTICE, JR.
                              UNITED STATES DISTRICT JUDGE